IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00172-DDD-NYW

HOLLY MACINTYRE,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.

    Defendant.

---

**DEFENDANT JPMORGAN CHASE BANK, N.A.'s MOTION
FOR ATTORNEYS' FEES PURSUANT TO C.R.S. § 13-17-201**

---

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys at Greenberg Traurig, LLP, hereby submits this Motion for Attorneys' Fees pursuant to C.R.S. § 13-17-201. In support thereof, Chase states as follows:

**D.C.COLO.LCivR 7.1(a) CERTIFICATION**

Counsel for Chase hereby certifies that they have conferred with Plaintiff Holly MacIntyre ("Plaintiff") and Plaintiff opposes the relief sought herein.

**I.    PROCEDURAL BACKGROUND**

1.    On January 18, 2019, Plaintiff filed a tort action alleging fraud against Chase. *See* Dkt. 1, Complaint.

2.    On April 3, 2019, Chase e-mailed Plaintiff to confer with her regarding the fact that her case is procedurally defective and barred as a result of her prior state court actions. Chase stated that the "proper procedure would be for [Plaintiff] to voluntarily dismiss the case" and noted

that "Chase would not oppose a request by you to voluntarily dismiss this case without prejudice, and Chase would agree that each party would bear its own costs and fees. However, if you elect to proceed with this case that you concede is inappropriate at this juncture, Chase will oppose your motion to strike and reserves its right to seek costs and fees for improper litigation conduct." Exhibit 1.

3. On February 25, 2019, Chase again emailed Plaintiff to confer with her regarding the bases outlined in Chase's forthcoming Motion to Dismiss, including the fact that "the Complaint is an impermissible attempt to relitigate Colorado state court proceedings and is therefore barred by the *Rooker-Feldman* doctrine[.]" Exhibit 2.

4. On February 28, 2019, Chase filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 arguing, *inter alia*, that the Court lacked subject matter jurisdiction because Plaintiff's Complaint in this case is an impermissible attempt to relitigate Plaintiff's Colorado state court proceedings and is therefore barred by the *Rooker-Feldman* doctrine. Dkt. 12. Plaintiff opposed the Motion to Dismiss.

5. On June 28, 2019, the Court dismissed Plaintiff's case finding that it lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine for the reasons outlined in Chase's conferral emails and its Motion to Dismiss. Dkt. 30.

6. On August 1, 2019, the Court confirmed by way of an order that it "granted Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)." Dkt. 40.

## II.  ARGUMENT

Chase is statutorily entitled to its reasonable attorneys' fees in defending the action pursuant to C.R.S. § 13-17-201. That statute provides that "[i]n all actions . . . occasioned by the

tort of any other person, where such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." C.R.S. § 13-17-201.

This statute is equally applicable in the federal courts when the Court is exercising diversity jurisdiction. *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715 (10th Cir. 2009) ("[F]ederal courts should use § 13–17–201 as the fee recovery provision when Colorado state law tort claims are dismissed under Fed. R. Civ. P. 12(b) because courts 'must apply the substantive law of the forum state' and attorney fee statutes are considered substantive for diversity purposes."). Notably, the application of C.R.S. § 13-17-201 "is not limited to tort action alleging physical injury; it applies equally to tort action in which the only injury alleged is economic." *Zerr v. Johnson*, 905 F. Supp. 872, 873 (D. Colo. 1995) (citing *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 423 (Colo. App. 1994)). An award of Chase's reasonable attorneys' fees pursuant to C.R.S. § 13-17-201 is mandatory. *Kreft v. Adolph Coors Co.*, 170 P.3d 854 (Colo. App. 2007) ("An award of attorney fees is mandatory when a trial court dismisses a tort action.").

Notwithstanding Chase's attempts to confer with Plaintiff regarding the fact that her lawsuit was barred by the *Rooker-Feldman* doctrine, Plaintiff elected to pursue her fraud claim and oppose Chase's Rule 12(b) Motion to Dismiss. The requirements of C.R.S. § 13-17-201 are satisfied here. First, Plaintiff filed her Complaint on the basis of diversity jurisdiction. Dkt. 1, Compl. ¶ 3; *Infant Swimming Research, Inc.*, 335 F. App'x at 715. Second, Plaintiff alleged a tort claim of fraud. Dkt. 1, Compl. ¶¶ 5, 15, 26-27, and 36; *Zerr*, 905 F. Supp. at 873. Third, the Court granted the Motion to Dismiss and dismissed the case in its entirety on a Rule 12(b)(1) ground articulated in Chase's Motion to Dismiss. Dkts. 30 and 40; *Infant Swimming Research, Inc.*, 335

Case 1:19-cv-00172-DDD-NYW   Document 41   Filed 08/08/19   USDC Colorado   Page 4 of 5

F. App'x at 715. Accordingly, C.R.S. § 13-17-201 is applicable and mandates an award of reasonable attorneys' fees.

Moreover, the attorneys' fees that Chase incurred in furtherance of obtaining a dismissal in this case are reasonable. *See* Exhibit 3. Pursuant to D.C.COLO.LCivR 54.3, Chase incorporates and attaches an Affidavit of Jeffrey M. Lippa, Esq., Exhibit 3, which details the following: a summary of the relevant qualifications and experience of each person for whom fees are claimed, a detailed description of the services rendered, the amount of time spent, the hourly rate charged, the total amount of attorneys' fees claimed ($34,596.10), and an explanation as to why such fees are reasonable.

WHEREFORE, Chase respectfully requests that the Court enter an Order awarding Chase its reasonable attorneys' fees in the amount of $34,596.10 and granting such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 8th day of August, 2019.

s/ Jeffrey M. Lippa
Jeffrey M. Lippa
Ronald J. Tomassi, Jr.
Lindsay N. Aherne
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
(303) 572-6500 – Telephone
(303) 572-6540 – Facsimile
E-Mail: TomassiR@gtlaw.com,
Lippaj@gtlaw.com, Ahernel@gtlaw.com

ATTORNEYS FOR DEFENDANT JPMORGAN
CHASE BANK, N.A.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via e-mail only (per Plaintiff's express request) to:

Holly MacIntyre
*Pro Se* Plaintiff
hollymac2@yahoo.com


By:  *s/ Karen R. Loveland*