IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:19-cv-00172-DDD-NYW

HOLLY MACINTYRE,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

    Defendant.

---

## ORDER GRANTING IN PART
## MOTION FOR ATTORNEYS' FEES

This matter is before the Court on Defendant's Motion for Attorney Fees (Doc. 41), filed August 8, 2019. On September 5, 2019, Plaintiff filed a response in opposition to the motion, and on September 26, 2019, Defendant filed its reply. (Docs. 50, 56.)[1] For the reasons stated below, the motion is **GRANTED IN PART**.

---

[1] On October 8, 2019, Plaintiff filed a "Surreply" styled as a "Motion to file a Surresponse to [Defendant's] Reply." (Doc. 57.) In it, she opposes Defendant's reply, which, because of the reply's case citations and argument against the position she took in her response, she sees as "a veritable new motion" by Defendant. (*Id.* at 7.) The Court does not view Chase's reply as a new motion. True, parties should not raise "entirely new but foreseeable points relevant to a motion [ ] in a reply," *Tetra Techs., Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993) (cited by Plaintiff), but Defendant was obligated to address certain legal principles, including two entirely new theories, raised by Plaintiff. Insofar as Document 57 is itself a motion, it is **GRANTED** to the extent that the Court has considered the arguments therein. No further briefing on the motion for attorneys' fees is necessary.

- 1 -

## BACKGROUND

Plaintiff Holly MacIntyre was the owner of real residential property in Jefferson County, Colorado. Defendant JP Morgan Chase Bank, N.A. ("Chase")—claiming to be the holder of a promissory note secured by the property—sought a judgment permitting it to conduct a foreclosure sale of the property. In this case, Ms. MacIntyre alleged that during the trial in state court, Chase produced a forged note bearing signatures not made by the parties to which they were attributed—so as to fraudulently cause the sale. Chase disputed the allegations, and, after weighing the evidence, the state court concluded that Chase was the holder of the note and issued a judgment of judicial foreclosure against Ms. MacIntyre. The Colorado Court of Appeals affirmed. Eventually, the Colorado Supreme Court dismissed her appeal as moot on Ms. MacIntyre's own motion after the property was sold.

On January 18, 2019, proceeding pro se, Ms. MacIntyre filed this case alleging that "Chase's fraud in the foreclosure proceeding has caused [her] extraordinary financial damage." Chase filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Ms. MacIntyre filed a motion to vacate the state court judgment in the Court of Appeals, which ordered: "Appellant's motion to vacate the judgment as moot is denied. Case was mandated on January 4, 2017. No further motion to vacate will be considered." (Doc. 22-1, at 2.) On June 28, this Court granted Chase's motion to dismiss this case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, which prevents federal court review of state court proceedings. (Docs. 30, 35.). On August 8, Chase filed this motion for attorneys' fees under Colo. Rev. Stat. § 13-17-201 ("Section 201").

# ATTORNEYS' FEES

Plaintiff denies that Section 201 is applicable to this action. She argues that 28 U.S.C. § 1919 ("Section 1919"), which permits courts to order payment of just costs (but not attorneys' fees) after a jurisdictional dismissal, instead governs. She also argues that Colo. Rev. Stat. § 13-17-102(6) ("Section 102"), limiting when fees can be collected from a pro se party, prohibits Chase from collecting attorneys' fees from her. She has not contested the reasonableness of the fees Chase requests.

The Court is somewhat sympathetic to Ms. MacIntyre, though her current predicament is of her own making. In a prior proceeding in state court, Chase foreclosed upon her house. Since then, Ms. MacIntyre has traversed through different cases and courts seeking to undo that outcome. Such was her purpose here. But despite Chase's warnings to her, through conferral and motion practice, of the inefficacy of her claims in this Court, she continued. As Chase maintained, the Court had no authority, under these circumstances, to undo the state proceeding or its outcome. And because, as explained below, Ms. MacIntyre's legal contentions in response to the present motion are meritless, this case, rather than help her cause, will cause her additional financial hardship.

### A. Inapplicability of Section 1919

Ms. MacIntyre calls Chase's invocation of Section 201 a "distraction." She believes Section 1919 controls and preempts Section 201. She even cites Colorado ethical rules she finds implicated by Chase's failure to disclose Section 1919. *See* Colo. R. Prof. C. 3.3(a)(2) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."). She notes to the Court that there "is not a single reported case in the history of

American jurisprudence in which attorney's fees have been awarded under § 1919." *Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 124 (2d Cir. 2013). She believes, therefore, that she cannot be liable for attorneys' fees here.

Ms. MacIntyre is mistaken. Section 1919 has nothing to do with the instant motion and does not preempt Section 201. Section 1919 states: "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." A plain reading of the statute, as Chase notes, reveals it gives the Court authority to order payment of *costs*. It does not prohibit the Court from ordering payment of reasonable *attorneys' fees*. Attorneys' fees are not mentioned in Section 1919, so the Court is not surprised that no other court has used it to award them. Attorneys' fees and costs are discrete forms of litigation expense, separately awardable under certain circumstances. *See U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1056–57 (10th Cir. 2004) (discussing separate applicability of fee- and cost-shifting statutes permitting awards of litigation expenses in suits where, like here, federal courts are not authorized to decide the merits). Section 1919 is about costs; the motion in question here is about attorneys' fees.

**B. Applicability of Section 201**

In this case, Ms. MacIntyre brought a single tort claim under Colorado law. She alleged that "Chase's fraud in the foreclosure proceeding has caused [her] extraordinary financial damage by the irreversible loss of her primary residence, combined with her subsequent displacement due to eviction." (Doc. 1 ¶ 36.) Chase moves for mandatory attorneys' fees under Section 201, which states in relevant part:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

The Court dismissed this action under Fed. R. Civ. P. 12(b), upon which Colorado Rule 12(b) is modeled. *See Warne v. Hall*, 373 P.3d 588, 593 (Colo. 2016) ("It cannot seriously be disputed that the Colorado Rules of Civil Procedure were modeled almost entirely after the corresponding federal rules."). Ms. MacIntyre argues that Section 201 doesn't apply to this case, calling significant Chase's lack of citation to "a single (1) published case from the Tenth Circuit that treats that particular statute as substantive law in a (2) diversity case that was dismissed for (3) lack of subject matter jurisdiction." (Doc. 50, at 7.)

But there *are* cases, published and unpublished, in the Tenth Circuit and this Court, satisfying each of those categories. *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000) ("In the Tenth Circuit, attorney fee statutes [including Section 201] are considered substantive for purposes of a diversity action."); *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715 (10th Cir. 2009) (holding Section 201 applicable to a dismissal for lack of subject matter jurisdiction under federal rules); *Checkley v. Allied Prop. & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016) (same); *Shrader v. Beann*, 503 F. App'x 650, 654–55 (10th Cir. 2012) ("Under Colorado law, a Colorado court must award a defendant in a tort action who prevails on a Rule 12(b) motion reasonable attorney fees in defending that action. The statute also applies to a dismissal under Fed. R. Civ. P. 12(b) of a tort claim brought under Colorado law." (citations omitted)); *Dorsey on behalf of J.D. v. Pueblo Sch. Dist. 60*, 215 F. Supp. 3d 1092, 1093 (D. Colo. 2016)

("This provision also applies to Colorado tort claims pending in federal court that are dismissed pursuant to Federal Rule of Civil Procedure 12(b)."). It is beyond legitimate dispute that binding precedent holds that Section 201 is substantive law in diversity cases and is applicable to a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### C. Inapplicability of Section 102

Ms. MacIntyre further suggests that, because she is pro se, attorneys' fees may not be assessed against her unless the Court finds that she knew or reasonably should have known that her action or defense, or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious. *See* Colo. Rev. Stat. § 13-17-102(6). Unlike Section 201, which is substantive, this district uniformly considers Section 102 to be "merely a procedural statute regarding sanctions based on conduct in the litigation and not substantive law under *Erie*." *Dowling v. Gen. Motors LLC*, No. 15-CV-00445-KLM, 2019 WL 4415650, at *3 (D. Colo. Sept. 16, 2019) (collecting cases); *Hach Co. v. In-Situ, Inc.*, No. 13-CV-02201-CBS, 2016 WL 9725765, at *11 (D. Colo. Nov. 22, 2016) ("Colorado courts provide clarity, characterizing § 13-17-102 as a sanction, rather than a substantive right[,]" and preempted by Fed. R. Civ. P. 11) (citation omitted); *see also Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1279 (10th Cir. 2011) ("Substantive fees are those which are 'tied to the outcome of the litigation,' whereas procedural fees are generally based on a litigant's 'bad faith conduct in litigation.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52–53 (1991)).

Section 102 is therefore inapplicable in federal court, and there is no suggestion that it limits Section 201's operation against pro se parties. Indeed, even if Section 102 were applicable, Colorado courts have

held that the more specific, later-enacted requirements of Section 201 supersede the earlier, more general provisions of Section 102. *See, e.g., Houdek v. Mobil Oil Corp.*, 879 P.2d 417 (Colo. App. 1994), *Hewitt v. Rice*, 119 P.3d 541, 546 (Colo. App. 2004), *aff'd*, 154 P.3d 408 (Colo. 2007) (both "that § 13–17–201 applies and controls over § 13–17–102(7)"). *See also Bath v. Am. Express Co.*, No. 19-CV-00606-RM-NYW, 2019 WL 2607020, at *9 (D. Colo. May 31, 2019) (discussing propriety of attorneys' fees under Section 201 against a pro se plaintiff but not yet addressing issue because no affidavit supporting fee request had been filed), *report and recommendation adopted sub nom. Bath v. Am. Express Nat'l Bank*, No. 1:19-CV-00606-RM-NYW, 2019 WL 2602505 (D. Colo. June 25, 2019).

This reasoning comports with the purposes behind these statutes, only one of which addresses circumstances raised by the present motion. Section 201 "was enacted to discourage unnecessary litigation of tort claims," *Smith v. Town of Snowmass Vill.*, 919 P.2d 868 (Colo. App. 1996), but Section 102 is in place to punish "conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of the truth." *City of Black Hawk v. Ficke*, 215 P.3d 1129, 1132 (Colo. App. 2008). Chase does not seek fees to punish such conduct; it seeks fees for obtaining dismissal of an unnecessary tort claim, which is governed by Section 201.

### D. Reasonable Attorneys' Fees

The only remaining task is to determine the reasonable attorneys' fees to which Chase is entitled. Chase submitted an affidavit by Jeffrey M. Lippa who, together with Ronald J. Tomassi, Jr. and Lindsay Aherne, billed fees on this case. (Doc. 41-3.) Attached to the affidavit is a billing report containing detailed descriptions of the work these attorneys performed. Chase seeks $34,596.10, reflecting 130.2 hours at rates ranging

from $174 to $341 per hour. Ms. MacIntyre, who only argued the issues set forth above, does not rebut the amount requested. The Court would normally interpret a litigant's silence on this issue as a tacit admission of the reasonableness of the fees sought. *See, e.g., Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1292 (D. Colo. 2009). But because Ms. MacIntyre is unrepresented, a closer look is warranted.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Shrader*, 503 F. App'x at 654 (approving of the district court's use of this methodology in a Section 201 case). In other words, "[t]o determine the reasonableness of a fee request, a court must begin by calculating the so-called lodestar amount of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a reasonable fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (internal quotations and citations omitted). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." *Id.* (internal quotation omitted).

1. **Reasonable Hourly Rate**

A court must look to what the evidence shows the market commands for analogous litigation. *Case v. Unified School District No. 233*, 157 F.3d 1243, 1255 (10th Cir. 1998). The local market rate is usually the state or city in which counsel practices. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1999) (looking at "the prevailing market rate in the relevant community"); *Case*, 157 F.3d at 1256 (looking at fees charged by lawyers in the area in which the litigation occurs). A "district judge may turn to her own knowledge of prevailing market

rates as well as other indicia of a reasonable market rate." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994). The court is also entitled to consider the quality of counsel's performance in setting the fee. *Ellis*, 163 F.3d at 1203.

Work was performed on this case by three attorneys at Greenberg Traurig, LLP. Mr. Lippa has been licensed to practice law since 2005, is a shareholder at the firm, and billed at $366 per hour. Mr. Tomassi, Jr. has been licensed since 2006, is also a shareholder, and billed at $341 per hour. Ms. Aherne has been licensed since 2015, is an associate, and billed from $174 to $260 per hour. Based on the Court's experience in private and public practice in the Denver area, these rates are reasonable, considering these lawyers' experience, the subject matter of the case, and quality of work they performed.

### 2. Reasonable Number of Hours

In determining the reasonableness of the hours expended, a court considers several factors, including: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to specific tasks. *See Ramos v. Lamm*, 713 F.2d 546, 553–54 (10th Cir. 1983). If the court has adequate time records before it, "it must then ensure that the winning attorneys have exercised 'billing judgment.'" *Case*, 157 F.3d at 1250. In other words, the district court should exclude from this initial fee calculation hours that were not "reasonably expended." *Hensley*, 461 U.S. at 434 (internal quotation omitted).

Chase seeks attorneys' fees for 130.2 hours of work from January 18 to June 30, 2019. During this time, the events of this case were limited. On January 18, Ms. MacIntyre filed the Complaint. On February 28, Chase moved to dismiss and, subsequently, replied. (Docs. 12, 24.) On March 19, the parties had a ten-minute status conference with Magistrate Judge Wang. (Doc. 18.) On April 30, Chase filed a response to Ms. MacIntyre's motion to strike its motion to dismiss. (Doc. 25.) Chase was thus responsible for three substantive filings and one short conference. By the Court's rough calculation, upon review of the billing records, Chase's attorneys' time was generally divided between research and drafting substantive filings (over ninety-five hours), internal strategy and preparation sessions (about fifteen hours), conferring with Ms. MacIntyre and Chase (under ten hours), and other tasks.

The Court finds some of this time unreasonably spent. The ninety-five hours of substantive work is somewhat excessive, given the general lack of complexity and brevity of the case. The attorneys also spent at least one hour unnecessarily checking the docket for the absence of entries, two-and-a-half hours on three simple notices of appearance, and two hours on post-judgment review unneeded to secure the same. They also spent nearly five hours on an unconsummated settlement. All things considered, instead of serving as a "green-eyeshade accountant," *Fox v. Vice*, 563 U.S. 826, 838 (2011), further scouring the individual billing entries for evidence of waste or fat, the Court finds that a general reduction of 25% of the requested hours is appropriate. Because Chase has not supplied separate totals reflecting the number of hours worked by each attorney, the Court applies this reduction to the final dollar amount requested.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Ms. MacIntyre's motion to file a surresponse (Doc. 57) is **GRANTED**, and Chase's Motion for Attorney Fees (Doc. 41) is **GRANTED IN PART**. Chase is awarded attorneys' fees in the reduced amount of **$25,947.08**. It is further **ORDERED** that the Amended Judgment (Doc. 36) shall be again amended to reflect the award of attorneys' fees.

DATED: October 10, 2019.        BY THE COURT:

_____
Daniel D. Domenico
United States District Judge